IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEONTRA SPENCE, ) | |
| ) | **Case No. 15 CV 05987** |
| Plaintiff, ) | |
| ) | JUDGE ST. EVE |
| vs. ) | |
| ) | Magistrate Judge Cole |
| OFFICER BEARD, (Star #17740) individually, ) | |
| and the CITY OF CHICAGO a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Chicago police officer Roy Beard and the City if Chicago, by and through one of their attorneys, Caroline Fronczak, Assistant Corporation Counsel, for their answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1093 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**ANSWER**: Admit

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the united States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER**: Admit

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

**ANSWER**: Admit

### THE PARTIES

4. The Plaintiff, Deontra Spence, is a resident of the Northern District of Illinois.

**ANSWER**: Upon information and belief, Admit.

5. The Defendant, Officer Beard, was at all relevant times a duly appointed police officer of the Defendant, City of Chicago, and at all relevant times was acting within his scope of employment and under color of law.

**ANSWER**: Admit

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officer.

**ANSWER**: Admit

## FACTS

7. On or about December 26, 2014, the Plaintiff was arrested by Chicago Police Officers in or about the area of 7703 S. Green St., in Chicago, Illinois.

**ANSWER**: Admit

8. Subsequent to his arrest, Plaintiff was transported to the 6th District police station for processing.

**ANSWER**: Admit

9. While at the station and without any just cause or provocation, Defendant Beard physically attacked Plaintiff such that Plaintiff was seriously injured.

**ANSWER**: Deny

## COUNT I - EXCESSIVE FORCE/FAILURE TO INTERVENE

10. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER**: Defendants hereby incorporate all previous answers as though fully set forth

herein.

11. The actions of Defendant Beard as set forth hereto constitute excessive force against Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendments to the

United States Constitution and 42 U.S.C. Section 1983.

**ANSWER**:   Deny

12.   Said actions of Defendant Beard were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

**ANSWER**:   Deny

13.   Said actions of Defendant Beard were objectively unreasonable under the circumstances.

**ANSWER**:   Deny

14.   As a direct and proximate consequence of Defendant Beard's conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER**:   Deny

WHEREFORE, Defendants respectfully requests that this Court enter Judgment in their favor and against Plaintiff, including costs for defending this suit, and enter any other relief that this Court deems just and proper.

## COUNT II - BATTERY (State Law Claim)

15.   Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER**:   Defendants hereby incorporate all previous answers as though fully set forth herein.

16.   The conduct of Defendant Beard was an unauthorized and offensive touching of the Plaintiff by Defendant Beard, and thus constitutes a battery under Illinois law.

**ANSWER**:   Deny

17.   Defendant Beard's conduct that resulted in this battery was malicious, willful, and wanton.

**ANSWER**:   Deny

18. As a direct and proximate cause of Defendant Beard's conduct, Plaintiff suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**ANSWER**: Deny

WHEREFORE, Defendants respectfully requests that this Court enter Judgment in their favor and against Plaintiff, including costs for defending this suit, and enter any other relief that this Court deems just and proper.

## COUNT III - INDEMNIFICATION

19. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER**: Defendants hereby incorporate all previous answers as though fully set forth herein.

20. At all relevant times, Defendant City of Chicago was the employer of Defendant Beard.

**ANSWER**: Admit

21. Defendant Beard committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

**ANSWER**: Deny

22. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: Defendants deny that this is a complete or accurate statement of the law and therefore deny the allegations contained in this paragraph.

23. As a proximate cause of Defendant Beard's unlawful acts, which occurred within the scope of his employment, Plaintiff was injured.

**ANSWER**: Deny

WHEREFORE, Defendants respectfully requests that this Court enter Judgment in their favor and against Plaintiff, including costs for defending this suit, and enter any other relief that this Court deems just and proper.

## COUNT IV - *RESPONDEAT SUPERIOR*

24. Each of the paragraphs above is incorporated by reference as though fully stated herein.

**ANSWER**: Defendants hereby incorporate all previous answers as though fully set forth herein.

25. In committing the acts alleged in the preceding paragraphs, Defendant Beard was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment and under color of law.

**ANSWER**: Deny

26. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER**: Defendants deny that this is a complete or accurate statement of the law and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully requests that this Court enter Judgment in their favor and against Plaintiff, including costs for defending this suit, and enter any other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officer is entitled to qualified immunity. Defendant officer is a government official, namely a police officer, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officer could have believed his actions to be

lawful, in light of clearly established law and the information that Defendant Officer possessed. Therefore, Defendant Officer is entitled to qualified immunity as a matter of law.

2.  As to Plaintiff's state law claim, Defendants are not liable for injuries arising out of his exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.  As to Plaintiff's state law claim, Plaintiff cannot establish willful and wanton conduct on the part of Defendant Officer and therefore he immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.  As to Plaintiff's state law claim, Defendant is not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

6.  To the extent Plaintiff failed to mitigate any of his or her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his/her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.  Under the Illinois Local Governmental and Governmental Employees Tort Immunity

Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

8. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

Defendants request trial by jury.

**Dated: August 25, 2015**

Respectfully submitted,

/s/ Caroline Fronczak
Caroline Fronczak
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-5126
(312) 744-6566 (FAX)
ATTY. NO. 06284817

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEONTRA SPENCE, | ) | |
| | ) | Case No. 15 CV 05987 |
| Plaintiff, | ) | |
| | ) | JUDGE ST. EVE |
| vs. | ) | |
| | ) | Magistrate Judge Cole |
| OFFICER BEARD, (Star #17740) individually, and the CITY OF CHICAGO a municipal corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Ronak Maisuria
ERICKSON & OPPENHEIMER, LTD.
118 S. Clinton - Suite 200
Chicago, Illinois 60661
(312) 327-3370

**PLEASE TAKE NOTICE** that on this 25th day of August 2015, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 25th day of August 2015.

*/s/ Caroline Fronczak*
CAROLINE FRONCZAK
Assistant Corporation Counsel